ment of free persons alone, yet the use of that formula by the jury in this case is a sufficient indication that they thereby intended that the convict should be sentenced to hard labor for life in the State Penitentiary in accordance with the 2d section of that Act. A similar inference was drawn from a similar verdict in the case of the *State* v. *Jackson*, already cited, where the court remarked that the intention of the jury was palpable to punish the convict with perpetual imprisonment, and it was not for the slave to complain that the jury extended to him the leniency expressly provided for free persons, and in the same form.

The omission of the magistrate to insert the words "at hard labor" in the sentence, even if it exonerated the defendant from that part of the penalty of his guilt, could not, for the same reason, be assigned by him as error.

But that omission, in the present case, amounts to nothing. His sentence to the State Penitentiary for life implies that he is to be subjected to the treatment prescribed for other slaves confined there for crime.

The 14th section of the Act of 1846, relative to the trial of slaves, declares that "no proceedings in accordance therewith shall be annulled or impeded by any error or form therein."

As to the suggestion that the owner may be deprived of compensation for his slave by the course complained of, it is sufficient to refer to the 2d section of the Act of 4th May, 1847, (Session Acts, p. 216,) amendatory of the Act of 1st June, 1846, which provides "that the Auditor of Public Accounts shall issue his warrant in favor of the owner of any slave who may have been or shall be convicted of a capital crime, on proof of the execution of such slave, *or of delivery of said slave into the State Penitentiary*," etc., etc.

It will also be observed that this Act contains a legislative recognition of the doctrine afterwards announced in the *State* v. *Lewis*, that the anterior laws relative to the punishment of slaves by imprisonment in the Penitentiary were not repealed by the Act of June 1st, 1846.

The judgment is affirmed with costs.

―――――

## SAME CASE.

ON an application for a re-hearing.

SPOFFORD, J. It is too late to make a new assignment of errors.

The application for a re-hearing is refused.